

United States District Court
Northern District of Illinois, Eastern Division

| | |
|---|---|
| KJ, a minor, by and through his mother and next friend Leatrice; and Leatrice | ) Civil Action No. ) ) ) |
| v. | ) 15CV10386 ) JUDGE BLAKEY ) MAG. JUDGE COLE |
| Cook County School District 104; Troy Whalen in his individual and official capacity as Cook County School District 104 Superintendent, | ) ) ) ) |
| and | ) |
| Illinois State Board of Education; Andrew Eulass in his individual and official capacity as Illinois State Board of Education Due Process Coordinator. | |

FILED
NOV 17 2015
11-17-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### Administrative Review/Appeal of Final Hearing Officer Decision in Due Process Case No. 2015-0491

1. On June 2, 2015, Parent filed a due process complaint notice against Summit School District 104.

2. In violation of stay-put, on June 3, 2015, the District graduated the Student and issued a middle school diploma.

3. The Student or Parent did not participate in the graduation ceremony.

4. The Student's IEP indicated that the IEP team determined that the Student must have Extended School Year services for the 2014-15 school year.

5. When ESY services began on June 22, the District refused interrupted the Student's education and refused to pay for his education at the private day school.

1

6. In July, the hearing entered an Interim Order directing the District to provide ESY services to Student. See Attachment A.

7. The hearing date was set for November 4, 2015.

8. On 10-31-2015, the hearing officer revealed his relationships with two individuals on the Parent's witness list.

9. Based upon this revelation and potential conflict of interest, Parent requested the hearing officer recuse himself.

10. The hearing officer determined that those relationships did not present a conflict, but indicated he would submit the recusal request to the due process coordinator.

11. In writing on 10-31-2045, parent acknowledged the hearing officer's intention to recuse himself.

12.

> Per the requirements of Section 14-8.02c of the Illinois School Code, hearing officers cannot be employed by a LEA in Illinois. **Moreover, hearing officers are required to disclose any potential conflicts of interest to the parties. In the event a party requests recusal based on the potential conflict, the hearing officer shall remove himself or herself from the case.** Hearing officers excluded from certain cases (e.g. if they are a resident in the LEA). If evidence through performance evaluation suggests bias or lack of impartiality, such factors would be considered in renewal of HO annual contracts.

13. Counter to the plain meaning of Illinois School Code as defined in paragraph 12, on November 3, 2015, the due process coordinator became involved and determined that there was no conflict of interest and the appointed hearing officer would continue to officiate the case.

14. Caselaw within another jurisdiction states as follows:
The inquiring judge also asks whether, after he has made a disclosure, he must recuse himself based upon his disclosure of the relationship? This issue was discussed at length in <u>Pool Water Products, Inc. v. Pools By L.S. Rule,</u> 612 So. 2d 705 (Fla. 4th DCA 1993). In that case, the trial judge informed the parties, during a non-jury trial, that he was socially acquainted with a major witness. The opposing attorney requested the judge to recuse himself from the case, and the judge refused. The Fourth District Court of Appeal reversed, finding the trial judge should have recused himself. Relying on Canon 3C(1) of the Code of Judicial Conduct, the court noted,

*"We think that if the matter known to the judge is of such concern that the judge believes that it should be revealed to the parties, then the necessary implication is that the judge feels that it is*

*a matter on which the parties may reasonably question his impartiality. Therefore, having revealed the matter, if the party then requests disqualification based upon what the judge has revealed, we think he is duty bound to recuse himself."* 612 So.2d at 706-707.

15. This case has similarities to such but the hearing officer's intention to recuse himself here was rescinded over the objections of the Parent.

16. On or about November 3, 2015, Parent requested a 7-day continuance of the hearing schedule. The continuance was based upon the potential conflict revelations made by the hearing officer on 10.31.2015 that required Parent to research school code regulations and caselaw and submit multiple motions and emails regarding the recusal of the hearing officer. And the fact those actions required considerable time and Parent and Student were unrepresented.

17. The hearing officer denied parent's motion for continuance.

18. Whether a hearing was held on November 4, 2015 is conflicting. In one sentence, the hearing officer states the hearing was held and then cancelled. The true status of the hearing being held is undeterminable.

19. On November 10, 2015, the hearing officer issued a decision in favor of the District.

20. Pursuant to the Illinois School Code, plaintiffs had 120 days to file an appeal:
Any party to an impartial due process hearing aggrieved by the final written decision of the impartial due process hearing officer shall have the right to commence a civil action with respect to the issues presented in the impartial due process hearing. That civil action shall be brought in any court of competent jurisdiction within 120 days after a copy of the decision of the impartial due process hearing officer is mailed to the party as provided in subsection (h). The civil action authorized by this subsection shall not be exclusive of any rights or causes of action otherwise.

21. Parent is appealing the hearing officer's decision based upon the hearing officer's abuse of discretion in a case involving an unrepresented student and parent.

22. Parent is appealing the hearing officer's decision based upon the factual and legal incorrect actions of the hearing officer, the district, and due process coordinator regarding the recusal of the appointed hearing officer.

23. The Student in this matter is in 8th grade at Elim Christian School, a private day school for students with profound disabilities.

24. Leatrice Gates is his mother, and the Plaintiffs reside within the boundaries of Summit Cook County School District #104.

25. Cook County School District #104 is local education agency responsible for students in grades K-8 within its boundaries.

26. The District Court has jurisdiction over the IDEA special education matter and the parties.

## Relief

27. A finding for the Plaintiffs that the District denied the Student a free and appropriate public education and impeded the parent's participation in the IEP process by predetermining the Student's grade level without an IEP meeting and without providing any assessment on how the Student's progress would be assessed for the completion of his middle school education. See attachment B.

28. A finding that the District denied the Student a free and appropriate public education by impeding the Parent's participation in the Student's progress by interfering in the open communication between the Parent and IEP team members.

29. A finding that the Student is entitled to compensatory education based upon the District's violations of the Student's free and appropriate education.

30. A finding that the Student must remain at the middle school grade level of 8th grade at Elim Christian School with the District being the local educational agency throughout the judicial process.

31. A finding that this case should be remanded to the due process hearing officer for a final decision based upon the merits of this matter.

32. Plaintiffs should be awarded nominal damages.

PLAINTIFFS RESPECTFULLY DEMAND TRIAL BY JURY.
Submitted,

_____

Leatrice Gates

7231 W. 63rd Place, Summit, IL 60501

**ILLINOIS STATE BOARD OF EDUCATION**
**IMPARTIAL DUE PROCESS HEARING**

---

**K.G.,**
   Student,

v.              Case No. **2015-0491**

**SUMMIT SCHOOL DISTRICT**
**No. 104,**
   School District.      Philip C. Milsk,
                Impartial Hearing Officer

---

### INTERIM ORDER

#### INTRODUCTION

Pending before me is a request from K.G.'s Parent for an Order establishing K.G.'s stay-put placement pending a final decision in this matter. The Parent and Student are not represented in this matter. Parent has filed her stay-put request *pro se* by email message, supplemented by a series of additional email messages. Some of the Parent's messages have served to provide some clarification of the issues she is raising. The School District, by its counsel, contends that it is no longer the local educational agency ("LEA") for K.G. because 8th grade diplomas were issued to him by his private school on June 2, 2015, and by the School District on June 3, 2015. (The School District serves students in the elementary grades. Once students complete the 8th grade they transition to a high school district.)

Parent is challenging K.G.'s grade advancement from 8th to 9th grade. She is also asking for extended school year services ("ESY") for this summer and ESY special transportation for K.G.

On July 8, 2015, I requested that the parties forward to me a copy of the operative IEP for K.G. In response to my request I received from the Parent an IEP dated November 20, 2014, prepared by the School District. On p. 26 of the document under the heading of "Extended School Year" the IEP clearly states that K.G. requires ESY. Under the heading of "ESY Transportation" the IEP expressly says that "Student requires special transportation".

I also asked the parties to provide me with documentation regarding the settlement of federal court litigation between the parties that was recently settled. The purpose of my request was to determine whether the issues raised by the Parent in the instant matter were settled as part of the federal litigation. Upon review of those documents I have determined that the issues raised in the instant matter arose after the federal court settlement.

#### CONCLUSION

Student clearly has a right to ESY and ESY special transportation under his IEP. The School District's IEP team determined that K.G. requires ESY and ESY transportation, and the School District is responsible for ensuring that K.G. receives the ESY services and transportation during the 2014-2015 school year as called for in the IEP of November 20, 2014. 34 C.F.R. 300.106.

A

Despite the issuance of an 8th grade diploma, the Parent has raised the issue of whether the student should remain in 8th grade rather than advance to 9th grade. The Parent has the right to raise the grade advancement issue before an impartial due process hearing officer. <u>Letter to Carroll,</u> 43 IDELR 116 (November 3, 2014).

However, the Parent has raised other issues in her DPCN (denial of a free appropriate public education, falsification of K.G.'s IEP and changing K.G.'s IEP without proper credentials) which, frankly, require further clarification. The School District has raised the issue of whether it is the proper LEA going forward. However, no motion has been made by the School District raising this as an issue. Nevertheless, I conclude that the issue of whether K.G. should be advanced to the 9th grade should be heard separately from the other issues raised by the Parent and should be heard expeditiously so that the issue of LEA responsibility is resolved in a timely manner.

Accordingly, it hereby ORDERED as follows:

1. The School District shall be responsible for the provision of ESY services in K.G.'s current educational placement, Elim Christian School, during the ESY services term this summer.

2. The School District shall provide ESY special transportation to K.G. for this summer as required by his IEP, and shall reimburse the Parent for her mileage and expenses for ESY transportation this summer, if any, up to the date the School District commences ESY special transportation, in accordance with the School District's travel reimbursement policy.

3. The School District shall provide verification of compliance with items 1 and 2 above to the Illinois State Board of Education within 7 days of the date of this Order.

4. A bifurcated hearing will be held in this case, with the first part of the hearing addressing only the issue of the whether K.G. should have been advanced to the 9th grade. The Pre-hearing Conference and hearing dates will be expedited to the extent possible to ensure that K.G.'s educational rights are protected.

5. Parent's request for an Order directing the convening of an IEP meeting is denied, but the parties are encouraged to cooperate in scheduling an IEP meeting to discuss K.G.'s IEP for the 2015-2016 school year and the issue of advancement to the 9th grade.

6. Parent's request to strike the School District's filing of documents related to the federal court settlement in Case No.14CV-2666 is denied because those documents were requested by this hearing officer.

ENTERED this 13th day of July, 2015.

/s/ Philip C. Milsk
Philip C. Milsk, Impartial Hearing Officer
328 East Maple Street, Suite 2D
P.O. Box 757
New Lenox, IL 60451-0757



(815) 293-7633  
FAX: (815) 462-9165  
philmilsk@hotmail.com

## CERTIFICATE OF SERVICE

I, Philip C. Milsk, Impartial Hearing Officer, hereby certify that the foregoing Interim Order was served on the counsel and Parent of record in this matter by email on July 13, 2015:

/s/ Philip C. Milsk  
Philip C. Milsk

# Sworn and Certified Statement of Marvin Blackwell

I, Marvin Blackwell, swear under penalty of perjury that the information contained in this document is true and correct.

1. I reside in the state of Illinois. I am the stepparent to Kendall Gates and participated in his IEP meeting on November 20, 2014.

2. There was no discussion in the meeting of Kendall graduating from 8th grade and entering high school.

3. How Kendall's goals, objectives and assessment results would determine his promotion or retention was not discussed by the IEP team during the meeting.

Electronically Signed
Marvin Blackwell
Dated: 10/15/2015

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true and will testify if called upon in an administrative hearing or court proceeding.